AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Moises Soltero-Pelayo<br><br>*Defendant(s)* | ) ) ) ) ) ) ) Case No.<br><br>**4-13-71165** |

FILED
SEP 19 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  September 10, 2013  in the county of  Contra Costa  in the
Northern District  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession with intent to distribute methamphetamine and cocaine |

Maximum penalties:

20 years prison; a $1,000,000 fine; at least 3 years to life on supervised release; a $100 special assessment

This criminal complaint is based on these facts:
See the affidavit of DEA Special Agent Matthew Madden attached hereto and incorporated by reference.

✓ Continued on the attached sheet.

Approved as to Form

_____
AUSA AARON D. WEGNER

_____
*Complainant's signature*

Matthew Madden, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  9/19/13

_____
*Judge's signature*

City and state: Oakland, CA

Kandis A. Westmore, United States Magistrate Judge
*Printed name and title*

AFFIDAVIT OF MATTHEW MADDEN

I, Matthew Madden, Special Agent ("SA"), Drug Enforcement Administration ("DEA"), hereby duly sworn, declare and state:

## I. INTRODUCTION

1. This affidavit is made in support of a Criminal Complaint against Moises SOLTERO-PELAYO ("SOLTERO") for violation of Title 21, United States Code, Section 841, possession with intent to distribute methamphetamine and cocaine. The facts and information contained in this affidavit are based on my personal knowledge, oral and written reports by other law enforcement officers, records, and/or my conversations with other law enforcement officers who have personal knowledge of the matters described below. I have set forth only the facts I believe are necessary to establish probable cause to believe that the violation set forth above has occurred.

2. Under 21 U.S.C. § 841(a)(1), it is unlawful for any person to knowingly or intentionally manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance. Methamphetamine and cocaine are controlled substances.

## II. AGENT BACKGROUND

3. I am an "Investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I am a Special Agent (SA) of the United States Department of Justice, Drug Enforcement Administration (DEA), and have been so employed since January 2012. I am currently assigned to the San Francisco Field Division, Oakland Resident Office, of the DEA, and investigate cases involving drug trafficking. I have received training at the DEA Academy in Quantico, Virginia, including training on criminal case management, informant development, Title III investigations and the identification, use, packaging and sales of controlled substances. I have participated in numerous local and federal search warrants, and arrests involving alleged gang members and narcotics trafficking, and I have participated in numerous investigations of narcotics traffickers and violent street gangs. These investigations have involved the use of confidential sources, wire and physical surveillance, telephone toll analysis, investigative interviews and the service of search and arrest warrants.

4. I have interviewed drug dealers, drug users, and knowledgeable confidential informants about the lifestyles, appearances, and habits of drug dealers and users. I have become familiar with the manner in which narcotics traffickers smuggle, package, transport, store and distribute narcotics, as well as how they collect and launder drug proceeds. I am also familiar with the manner in which narcotics traffickers use telephones, cellular telephone technology, intentionally vague language, coded communications and slang-filled conversations, false and fictitious identities, and other means to facilitate their illegal activities and to thwart law enforcement investigations. I have had discussions with other law enforcement personnel about the packaging and preparation of narcotics, the distribution methods of illegal narcotics traffickers, and the security measures that narcotics traffickers often employ. I have also examined documentation of various methods by which cocaine, methamphetamine, marijuana, and other illicit drugs are smuggled, transported and distributed. I have participated in surveillance of narcotics traffickers. During surveillance, I have personally observed narcotics transactions, counter-surveillance techniques, and the ways in which narcotics traffickers conduct clandestine meetings. I have also participated in investigations that involved the interception of wire and electronic communications, and I have been familiarized in the review and deciphering of intercepted coded conversations between narcotics traffickers that were later corroborated by surveillance. Throughout my law enforcement career, and as part of my participation in this investigation, I have spoken with, worked with, and gained knowledge from numerous experienced attorneys, federal, state, and local investigators.

5. My beliefs, conclusions, and opinions set forth throughout this affidavit (prefaced with the phrase "I believe") are based on my experience and training as an DEA Special Agent, as well as the training and experience of other agents, deputies, and officers assisting in this investigation, my familiarity with the methods used by narcotics traffickers to import, manufacture, and distribute illegal narcotics and collect and launder the proceeds from the sales of illegal narcotics, my direct participation in this investigation, and conversations with other law

6. Because this affidavit is submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me. Rather, I have set forth only those facts that I believe are sufficient to support the issuance of a criminal complaint.

## III. FACTS ESTABLISHING PROBABLE CAUSE

7. On September 10, 2013, at approximately 2:51 p.m., in Brentwood, California, Contra Costa County Sheriff's Office (CCSO) Deputy Erik Steele initiated a traffic stop of a 2006 Jeep Cherokee, with California license plate 6KNH138, for traveling in excess of the speed limit. The driver of the vehicle identified himself to Deputy Steele with a Mexican ID card as Moises SOLTERO-PELAYO. SOLTERO informed Deputy Steele that he did not have a driver's license.

8. Deputy Steele asked SOLTERO if there were any weapons or illegal drugs on his person. SOLTERO said "no." Deputy Steele asked SOLTERO if there were any weapons or illegal drugs in the vehicle. Soltero-Pelayo replied "no." Deputy Steele asked permission from SOLTERO to search the vehicle for weapons or illegal drugs and SOLTERO consented.

9. While searching SOLTERO's vehicle, Deputy Steele located a loose, partially open panel underneath the steering wheel. Inside the panel, Deputy Steele found a green pill bottle with the name "Moises Soltero" on it. Inside the green bottle was a plastic bag containing two chalky white rocks, and several small plastic bags. Deputy Steele field tested the substance and the results were positive for the presence of cocaine. Deputy Steele also found a brown pill bottle inside of the panel. Inside the brown bottle there were two plastic bags containing individually wrapped plastic baggies, containing a white crystal-like substance. The first bag contained approximately thirty six (36) individually wrapped bags containing a crystal-like substance. The second bag contained sixteen (16) individually wrapped bags containing a crystal-like substance. Deputy Steele conducted a field test of the crystal-like substance and the results were positive for methamphetamine.

//
//
//

IV. CONCLUSION

10. Based on the information contained in this affidavit, there is probable cause to believe that SOLTERO violated Title 21, United States Code, Section 841, possession with the intent to distribute methamphetamine and cocaine.

Matthew Madden
Special Agent, DEA

SUBSCRIBED and SWORN to before me this 19th day of September, 2013

HON. KANDIS A. WESTMORE
United States Magistrate Judge
Northern District of California

Approved as to form:

_____
Aaron Wegner
Assistant U.S. Attorney